9353

STATE v. JONES.

(88 S. E. 444.)

1. HOMICIDE—JUSTIFICATION—STATUTE.—Under Cr. Code 1912, secs 1, 2, providing who may arrest a felon and where and when citizens may arrest and the means to be used, one who heard a noise in the direction of his potato bank at night, went out and hailed twice, and, receiving no answer, fired his shotgun toward the bank, killing decedent, was not justified.

2. CRIMINAL LAW—TRIAL—CHARGING REQUEST.—The Judge in a criminal case need not charge even a correct proposition in the exact language of the request, but may charge it in his own language, provided that he does not misstate the law in so doing.

3. CRIMINAL LAW—INSTRUCTIONS—CURE OF ERROR.—In a prosecution for murder, where the Court charged the defendant's request that the rule is that a person cannot be convicted in a proceeding of a criminal nature unless it can be shown that he had a guilty mind, but modified it by stating that he charged it in connection with what he had already charged in the case as to a man's actions, and that in some cases he might be innocent and in another he might be guilty, depending upon the circumstances of each particular case, such modification, if erroneous, was cured by giving the fifth request, that if the jury believed that defendant acted upon an honest and reasonable belief in the existence of facts, which, if true, would have justified the act for which he was indicted, they should acquit.

Before RICE, J., Columbia, June, 1915.   Affirmed.

Jerry E. Jones was convicted of manslaughter, and he appeals.

*Mr. Cole. L. Blease,* for appellant, submits: *Charge deprived defendant of his right to protect his dwelling and person, and the Court erred in refusing request to charge.*

*Mr. Solicitor W. Hampton Cobb,* for respondent.

March 27, 1916.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

The case contains the following statement of facts:

"The defendant was tried before his Honor, Judge Rice, and a jury, at the Summer term, 1915, of the Court of General Sessions for Richland county, and a verdict of guilty of manslaughter was rendered, whereupon, the defendant was sentenced to a term of 2 years and 6 months.   The

FOOTNOTE.—As to homicide committed in attempt to prevent criminal and unlawful acts, see notes in 67 L. R. A. 529 to 548.  As to right of private person to make arrest, see 8 L. R. A. 529.

defendant was charged with the killing of one William
Jones.   It was admitted that on the night (*sic*) the killing
the deceased, William Jones, went to the home of the
defendant, Jerry Jones, and requested him to let him have
some sweet potatoes; that the defendant and the deceased
were first cousins and the best of friends; that no previous
difficulties during their entire lives had taken place between
them; that the defendant, Jerry Jones, readily and willingly
gave his consent for William Jones to have the potatoes;
that William Jones and Jerry Jones and some other parties
were together for some time; that later in the night Jerry
Jones heard a noise in the direction of his potato bank; that
he went out and hailed, and was told by a witness that it was
William Jones getting potatoes; that Jerry Jones replied,
'All right,' and went back into the house; that some time
later the defendant heard a noise out in his potato bank,
and went out and hailed twice and received no answer from
any person, whereupon he fired his shotgun in the direction
of the potato bank and shortly thereafter discovered that he
had killed William Jones."

The defendant was convicted of manuslaughter, and from
this conviction the defendant appealed upon two exceptions:

1. "(1) Because his Honor, the Circuit Judge, erred in
charging the jury as follows: 'Now, Mr. Foreman and gen-
tlemen, in considering that phase of the case, the law says
this: That where a man comes across some one on
his premises under circumstances which indicate that
that person is about to steal or commit a felony, then
the owner of the premises who discovers such a party must
hail him, and if he flees, Mr. Foreman and gentlemen,
attempts to get away, to run away, then the law says you
have a right to arrest him or to stop him by whatever means
it may be necessary in order to do that, even to the taking
of the life of the party who appears to be the thief.   But
there is nothing in the law, Mr. Foreman and gentlemen,
which says that upon failure to respond to that hail, without

fleeing, that a man has the right to shoot another down on
the premises.    It shall be lawful for any citizen to arrest
any person in the nighttime, but such efficient means as the
darkness and the probability of his escape render necessary,
even if his life should be thereby taken, in cases where he
has committed a felony, or has entered a dwelling house
with evil intent, or has broken or is breaking into an out-
house, with a view to plunder, or has in his possession stolen
property, or being under circumstances which raise just sus-
picion of his design to steal or to commit a felony, flees when
he is hailed.    That is to say, Mr. Foreman and gentlemen,
if the circumstances raise a just suspicion that the person is
a thief, that he is trying to steal, and you hail him, being on
your own premises, and he flees, why, then, you have a right
to arrest him by whatever means you may.    But there is
nothing in this law which says that if a man does not flee
at all, but does not answer, you have a right to shoot him'—
it being respectfully submitted that his Honor should have
charged the jury that upon failure to respond to a hail, a
man has a right to shoot down another on his premises in
the protection of his person and property, whether the party
flees or not."

This exception cannot be sustained.    Criminal Code 1912,
secs. 1, 2, read as follows:

"1. *Who May Arrest a Felon, and Where.*—Upon view
of felony committed, or upon certain information that a fel-
only has been committed, or upon view of a larceny com-
mitted, any person may arrest the felon or thief, and take
him to a Judge or magistrate, to be dealt with according to
law.

"2. *When Citizens May Arrest and the Means to Be
Used.*—It shall be lawful for any citizen to arrest any per-
son in the nighttime, by such efficient means as the darkness
and the probability of his escape render necessary, even if
his life should be thereby taken, in cases where he has com-
mitted a felony, or has entered a dwelling house with evil

intent, or has broken or is breaking into an outhouse, with a view to plunder, or·has in his possession stolen property,. or, being under circumstances which raise * * * suspicion of his design to steal or to commit some felony, flees when he is hailed."

Let us take the view of this case most favorable to appellant, to wit, that the appellant was attempting to make an arrest without a warrant, and in that attempt killed the deceased. In order to excuse the killing, the slayer must show that the deceased was: (a) In "just suspicion of his design to steal or commit some felony, flees when he is hailed;" or (b) was in fact a felon. We have been cited to no statute or decision (and we know of neither) that excuses a killing simply because the deceased did not answer when called. Many deplorable tragedies have occurred in which men have killed members of their own families, just as in this case. The law does not excuse such killing and this exception must be overruled.

2. "(2) Because his Honor erred in charging the jury as follows: 'The rule of law is that a person cannot be convicted in a proceeding of a criminal nature unless it can be shown that he had a guilty mind. Well, I charge you that in connection, gentlemen, with what I have already charged you in the case as to a man's actions. In some cases he might be innocent and in another he might be guilty. It depends, as I said, gentlemen, upon the circumstances of each particular case'—it being respectfully submitted that the request should have been charged, as requested, and without modification."

This exception cannot be sustained. The Judge is not bound to charge even a correct proposition in the exact language of the request, and may charge it in his own language, provided in so doing he does not misstate the law. His Honor charged without modification the fifth request to charge, to wit:

10—104

"If the jury believe that the defendant acted upon an honest and reasonable belief in the existence of facts which, if true, would have justified the act for which he is indicted, they should acquit him."

That cured any defect in the modification, even if it was defective.

The judgment appealed from is affirmed.